IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE R. BAHE,

        Plaintiff,

v.                                              No. CIV-05-1025 JB/WPL

STATE OF NEW MEXICO,
RONALD ADAMSON,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff's Civil Rights Complaint. The Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons stated below, the Court will dismiss the Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Bahe's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint names the State of New Mexico and a private attorney, Donald Adamson, as Defendants.  Bahe alleges that the state court imposed an illegal sentence in his criminal proceeding.  He also alleges that Adamson failed to contest the state court's use of prior convictions to enhance his sentence.  Bahe seeks damages and equitable relief in the form of removal of "the felonies" from his record.

The relief that Bahe seeks is not available.  First, Bahe may not sue the State for damages in federal court.  "[N]either [the state nor its agencies] are 'persons' within the reach of § 1983.  In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' "  *Prokop v. Colorado*, No. 01-1415, 2002 WL 188962, at \*\*1 (10th Cir. Feb. 7, 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)).  Furthermore, the Court may not vacate a conviction or expunge a criminal record except in proceedings under the habeas corpus statutes.

> Section 1983 authorizes a "suit in equity. . . ."  Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, . . . where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.  Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973))."  The Court will dismiss Bahe's claim for removal of felonies from his record without prejudice to his right to pursue habeas corpus relief.

Bahe also alleges that his attorney provided ineffective assistance in the state court criminal proceeding.  Bahe alleges in his Complaint that he paid $2,500.00 to Adamson, suggesting that Adamson is an attorney in private practice.  *See* Complaint ¶ A(3), at 2.  A complaint under 42 U.S.C. § 1983 must contain factual allegations showing the two elements of the statute: that a federal

right was violated and that a person acting under color of state law caused the deprivation. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element, a complaint does not state a claim under § 1983. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 316 (1981) (noting that a plaintiff must allege violation was committed by person acting under color of state law). A private person does not act under color of state law for purposes of §1983. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The general rule is that an attorney, by virtue of being an officer of the court, is not a state actor, and a plaintiff cannot sue an attorney under § 1983 for actions taken in the course of representing a client. *See Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 266 (10th Cir. 1994); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983). Bahe's allegations do not support a claim under § 1983, and the Court will dismiss the Complaint.

Bahe states in his Complaint that he invokes the Court's "pendent jurisdiction." Complaint ¶A(4), at 2. It may be that Bahe is attempting to state a state-law malpractice claim against Adamson. Bahe alleges that Adamson is a citizen of Farmington, New Mexico and is employed as an attorney in San Juan County, *see id.* ¶A(3), at 2; Bahe states that he is a citizen of New Mexico from Los Lunas, New Mexico, *see id.* ¶A(1), at 2. Thus, there is no diversity jurisdiction. Because there is no § 1983 claim against New Mexico or against Adamson, there is no federal claim left in the case, and the Court does not have federal question jurisdiction. The Court thus declines to exercise jurisdiction over any state law claim against Adamson. Section 1367 of Title 28 provides the district court with discretion to dismiss a claim premised on supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3)("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed

all claims over which it has original jurisdiction. . . ."). None of the factors that the United States Court of Appeals for the Tenth Circuit identified in *Thatcher Enter. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990) -- nature and extent of pretrial proceedings, judicial economy, convenience, or fairness -- would be served by retaining jurisdiction over any state-law claim in this case, which Bahe has so recently filed and into which he has only put minimal pretrial effort. *See Anglemeyer v. Hamilton County Hospital*, 58 F.3d 533, 541 (10th Cir. 1995)(holding that the district court did not abuse its discretion when it dismissed pendent state claims). The Court will thus dismiss any state law claim against Adamson without prejudice.

**IT IS THEREFORE ORDERED** that the Plaintiff's complaint is **DISMISSED** without prejudice to his right to pursue habeas corpus relief in federal court and to his right to pursue a state law claim in a court with jurisdiction over the claim; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE